LOTTINGER, Chief Judge.
These consolidated suits on a promissory note were filed by the Conservator of Champion Insurance Company (Conservator), a now defunct Louisiana insurer, against Mrs. Kathleen M. Bailey, the alleged maker of the note. By virtue of a consent judgment, Capital Insurance Company (Capital) was adjudged to constitute a “single business enterprise” with Champion Insurance Company. The Conservator was therefore vested with authority over the assets of Capital which include the note in question. The Conservator filed a petition seeking a declaratory *137 judgment declaring Capital the owner and holder of the note[1] and a judgment ordering the defendant fulfill the terms of the note.
The note at issue is a demand note made by Kathleen M. Bailey dated October 6,1987, in the amount of $100,000.00 payable to the order of United Financial Services of Baton Rouge (UFS), a company owned and operated by Naaman Eicher, who also owned Champion and Capital. The funds were transferred from UFS into an account controlled by Mrs. Bailey, and then, transferred by Mrs. Bailey to the Doug Green Campaign Committee. Approximately eight months after the creation of the note Capital purchased it from UFS. The instant suit was filed on October 23, 1990. The Conservator contends that Capital owns the note and that the defendant has no valid defenses with respect to the note’s enforceability.
The defendant alleges the following in her affidavit:
As the backer of Doug Green, Naaman Eicher explained that it would “look funny” in the newspapers if United Financial Services loaned $2 million to Doug Green’s campaign, and he needed someone else to “loan” the funds to the campaign during what he described as a “contribution window.” He assured Ms. Bailey that his attorneys had thoroughly examined the proposed transfer of funds to the campaign and concluded that it was completely legal. Ms. Bailey was only told that the papers she signed would permit United Financial Services (Mr. Eicher’s company) to transfer money to the Green campaign. Ms. Bailey was told that the funds would be placed in her account and that she must immediately transfer those funds to the Doug Green Campaign Committee. She was also told that while this was being characterized as a “loan,” she was not free to do anything with the money other than to immediately transfer it to the Doug Green Campaign Committee. Ms. Bailey was also told that she would not be personally liable for the funds, but simply had to return the funds when the Committee returned to her the funds transmitted through her to the Committee.
The defendant contends first, that the note is not enforceable as she was fraudulently induced into the transaction by Naaman Eicher. Secondly, the defendant claims that the note is unenforceable as the cause of the transaction, to circumvent Louisiana campaign finance law, was contra bones mores, and therefore the obligation is an absolute nullity. The defendant also argues that based on an oral agreement with Naaman Eicher the enforceability of the note is subject to a suspensive condition, to wit, that the defendant would not be called upon to pay the note until the Green Campaign Committee returned the funds to the defendant.
The trial judge ruled that there were no material facts in dispute and granted the Conservator’s motion for summary judgment. The trial judge gave the following oral reasons for granting the plaintiffs motion for summary judgment:
If I’m going to be consistent with what I did a week or two ago in the Louisiana Ethics Commission Case v. Green I’ll have to deny his motion for summary judgment and grant yours, which is probably what I’m going to do.
Mr. Charrier, you weren’t privy to this, of course, but about three weeks ago after many months of briefs, arguments and so forth, I ruled in favor of Mr. Jones and others dismissing on a no cause of action exception, a suit by the ethics commission against all of them. The basis of that dismissal was that the law at the time of all these transactions in 1988 did not cover as an illegal act those things which were done by all of these people. There’s [sic] a lot of reasons for it. Mr. Miller can give you a copy of that.
In order to be consistent, I’m going to take that position. Submit a judgment.
It is from this ruling that the defendant appeals.
*138 ASSIGNMENTS OF ERROR
The defendant-appellant contends the trial judge erred:
1. In accepting as sufficient to support summary judgment affidavits submitted that were not based on personal knowledge of the affiants;
2. In not ruling that the promissory note in question was void as contra bonos mores pursuant to the unequivocal language of Civil Code Articles 7, 1968 and 2033 and, therefore, unenforceable as an absolute nullity;
3. In not ruling that even if the note were not an absolute nullity it is nonetheless unenforceable in that Ms. Bailey was fraudulently induced into executing the note; and
4 In not ruling that if the note were enforceable, the conditions of the advance and repayment of the funds pursuant to which Ms. Bailey executed the note have not yet occurred and therefore the note is not yet due.
DISCUSSION
La.Code Civ.P. art. 966 expressly provides a summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” (Emphasis ours).
As noted above, the Conservator does not allege nor seek to be declared a holder in due course. Thus as a mere holder of the note he is not free of defenses to the note. La. R.S. 10:3-305.
Mrs. Bailey’s answer to the petition is not in the appeal record, however we glean from a memorandum filed by the Conservator that in her answer Mrs. Bailey asserted various affirmative defenses including the illegality of the transaction as in violation of the Louisiana Election Campaign Finance Disclosure Act, La.R.S. 18:1481-1532.
Because it is not clear without a trial on the merits that the Conservator is entitled to judgment as a matter of law and genuine issues of material fact regarding the viability of the asserted defenses do exists, we find the trial judge erred in granting the summary judgment.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed, and this matter is remanded for further proceedings. Costs are assessed against the Conservator.
REVERSED AND REMANDED.
LOTTINGER, C.J., files concurring opinion.

. Plaintiff does not allege nor does he seek to be declared a "holder in due course” as defined in La.R.S. 10:3-302.